801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard HENDERSON, Jr., Appellant,
v.
Carl E. BARKER, Jr., Superintendent, Appellee.
 No. 85-6729.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1986.
Decided Sept. 18, 1986.
 
 Richard Henderson, Jr., appellant pro se.
 Mark R. Davis, Assistant Attorney General, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard Henderson, a Virginia inmate, filed suit against his prison work supervisor, Carl Barker, alleging that Barker had violated his constitutional rights in causing him to be terminated from his work assignment. Henderson alleged that Barker had undertaken to have him terminated in retaliation for Henderson's having filed grievances against Barker. Henderson also alleged that he had overheard Barker tell other inmates working in the shop that he would not give Henderson any work assignments because he was black. The district court dismissed the complaint, finding that Henderson's constitutional rights had not been implicated by his termination.
 
 
 2
 On appeal, we found that Henderson's allegation that he had overheard Barker express that he would not give Henderson work assignments because of his race was sufficiently specific to state a claim of racial discrimination. We therefore remanded for the district court to consider "whether Henderson was denied equal protection as guaranteed by the fourteenth amendment." Henderson v. Barker, No. 84-6338 (4th Cir., Sept. 10, 1984) (unpublished), slip op. at 2.
 
 
 3
 Following our mandate, the district court conducted a jury trial on Henderson's claim of racial discrimination. The jury returned a verdict in Barker's favor, and Henderson noted this appeal.
 
 
 4
 Henderson argues on appeal that the district court erred in refusing to submit to the jury the issue of whether Barker had terminated him in retaliation for his having filed grievances against Barker and a lawsuit against prison officials. We find no error, however, in the district court's conduct of the proceedings on remand. Our mandate in No. 84-6338 limited the issue on remand to that of racial discrimination, and the district court quite properly refused to allow Henderson to resurrect the issue of retaliation. Henderson's conclusory allegations of retaliation had not been considered sufficient by the district court to state a constitutional claim that would survive summary judgment, and this determination was not disturbed by us on the prior appeal. Henderson's efforts to supplement on remand his allegations of retaliation therefore came too late. See Walston v. School Board of City of Suffolk, 566 F.2d 1201, 1205 (4th Cir.1977) (law of the case bars reconsideration of issues decided "sub silentio" on prior appeal). See also Fogel v. Chestnutt, 668 F.2d 100, 108-09 (2d Cir.1981) (law of the case applies to issues decided by necessary implication), cert. denied, 459 U.S. 823 (1982).
 
 
 5
 We accordingly affirm the judgment of the district court. Finding preparation of a transcript unnecessary to resolution of the issue raised on appeal, we deny Henderson's application for in forma pauperis status and for preparation of a transcript at government expense. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.